UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-20089-CR-MOORE

UNITED STATES OF AMERICA

vs.

JESSE GALINDO,

        **Defendant.**
_____/

## FACTUAL PROFFER

The United States of America and the Defendant, JESES GALINDO ("GALINDO") agree that had this case gone to trial, the United States would have proven the following facts, and others, beyond a reasonable doubt.

1. On or about February 22, 2022, GALINDO and Person 1 met with Person 2 to discuss delivering drugs from Texas to Florida. GALINDO and Person 1 agreed to make the delivery in return for payment. GALINDO and Person 1 received two packages of drugs and drove with Person 1's three daughters from Houston to Miami.

2. When GALINDO and Person 1 arrived in Miami, they awaited a call from the Purchase to arrange delivery. On or about February 23, 2022, the Purchaser called GALINDO's phone and spoke with Person 1. The Purchaser told Person 1 that the Purchaser would not be able to meet until 10:00 in the morning. The Purchaser asked Person 1 if she would wait for the Purchaser. Person 1 indicated that she would wait but that "they" needed to leave soon. The Purchaser stated that if she could not wait, the Purchaser would come up with a different plan. Person 1 asked if the Purchaser would send someone with money and stated that she did not want to be in Florida any

longer. The Purchaser asked if Person 1 had a hotel room, and Person 1 indicated that she did not have a hotel room or money.

3. Person 1 then called Person 3 to ask for money to cover hotel expenses while GALINDO, Person 1, and Person 1's three daughters waited overnight in Miami to meet with Purchaser the following day.

4. On February 24, 2022, the Purchaser called the same phone number, but this time, GALINDO answered. The Purchaser asked if GALINDO was ready to meet, and GALINDO replied affirmatively. The Purchaser said that the Purchaser was not in Florida but would send someone to pick up the package.

5. Thereafter, Task Force Officer Rolando Rios, acting in an undercover capacity, sent a WhatsApp voice message to the same telephone number the Purchaser had called. GALINDO returned the call and they agreed to meet at a Denny's restaurant parking lot in North Miami. TFO Rios and a second undercover law enforcement officer arrived at Denny's and met GALINDO, standing near a Jeep with temporary Texas license plates.

6. TFO Rios asked GALINDO whether he had his gift with him, and GALINDO said that it was in the Jeep. GALINDO asked if TFO Rios had the papers, and TFO Rios responded affirmatively. TFO Rios asked whether the stuff was well packaged, and GALINDO responded that it was packaged perfectly and even had stuff to mask the odor. TFO Rios said good because that stuff is dangerous. GALINDO agreed. GALINDO asked how much TFO Rios brought, and TFO Rios replied "72." At one point, GALINDO offered to open the bag to show TFO Rios the contents, but TFO Rios, believing the bags to contain fentanyl, told GALDINO not to open it, but to just bring it to his trunk. When GALINDO brought the bag to TFO Rios's vehicle, TFO Rios showed

GALINDO three packages of cash. TFO Rios explained that each package had $24,000 for a total of $72,000 and handed GALINDO the money. GALINDO took the money and the two parted ways. Thereafter, GALINDO was arrested.

7. The garbage bag GALINDO delivered to TFO Rios contained approximately two kilograms of heroin. each wrapped in multiple layers of packaging material, including ziplock bags, plastic bags, and gray duct tape.

8. The information contained in this proffer is not a complete recitation of facts and circumstances of this case, but the parties agree that it is sufficient to prove Count 1 of the Indictment beyond a reasonable doubt.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 6/13/22      By: _____
ANTOINETTE T. BACON
ASSISTANT UNITED STATES ATTORNEY

Date: 6/7/22       By: _____
KATE MOLLISON
COUNSEL FOR DEFENDANT

Date: 6-7-22       By: _____
JESSE GALINDO
DEFENDANT