FILED BY _____ D.C.

MAR 05 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.                                                   Case No.: 1:22-CR-20089-KMM(1)

JESSE GALINDO

    Defendant.

## MOTION AND REQUEST TO MODIFY SENTENCE

COMES NOW, Defendant, pursuant to 18 USC 3582(c)(2) and USSG 4C1.1, and for his Motion and Request to Modify Sentence, states to the Court as follows:

1. On Sept. 8, 2022, Defendant was sentenced to 57 months in federal prison for violation of 21 USC 841.

2. Defendant is currently incarcerated at FPC Montgomery on Maxwell Air Force Base in Montgomery, Alabama.

3. Pursuant to 18 USC 3582(c)(2), if a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered, upon motion for resentencing, the court may reduce the term if such reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 USC 3582(c)(2).

4. In 2023, pursuant to Part B, Subpart 1 of Amendment 821, the United States Sentencing Commission enacted USSG 4C1.1, which authorizes a two-level reduction of a defendant's Total Offense Level for defendants with zero criminal history points and whose instant offense did not involve specified aggravating factors.

5. Part B, Subpart 1 of Amendment 821 has been listed in USSG 1B1.10(d) as an amendment that is available for retroactive application.

6. As provided in USSG 1B1.10, prior to reducing a defendant's term of imprisonment pursuant to USSG 4C1.1 and 18 USC 3582(c)(2), the court must determine whether the defendant is eligible for the two-level reduction and, if so, whether said reduction would result in a lower guideline range for the defendant.

7. The Defendant in this matter has zero criminal history points; was not convicted of an offense involving any of the aggravating factors in USSG 4C1.1; and is otherwise eligible for the two-level reduction. Defendant's Total Offense Level would be reduced from 25 to 23, resulting in a reduction of his guideline range from 57-71 months to 46-57 months.

Page 1

8. When considering whether to resentence an eligible defendant, the court must consider the sentencing factors listed in 18 USC 3553(a). 18 USC 3582(c)(2). Further, a defendant's post-sentencing conduct may also be considered. USSG 1B1.10 cmt.n.1(B)(iii). If, after such considerations, the court believes that a lower sentence would be sufficient but not greater than necessary to achieve the goal of sentencing, it may lower defendant's sentence.

9. In this matter, Defendant's post-sentencing conduct clearly demonstrates that he is deserving of resentencing within the above-referenced reduced guideline range, in that:

   a) Defendant has maintained a "minimum risk" custody level designation throughout his incarceration.

   b) Defendant has remained opted-in to the First Step Act throughout his time in custody and has earned 165 FSA credit days to date.

   c) Defendant has been incident free and has not been subject to disciplinary action of any kind or type throughout his incarceration.

   d) Defendant has maintained employment while incarcerated and is currently employed in the Food Service Department at FPC Montgomery.

   e) Defendant has made consistent monthly payments toward his felony assessment costs and/or restitution during his time in custody.

   f) Defendant has followed the directives of his Case Manager regarding his immediate and long term Goals, and has completed, or is currently enrolled in, all recommended programs.

   g) Defendant has completed and/or is currently enrolled in the following programs:

      - Career Planning
      - Credit and Finance
      - Dress for Success
      - Etiquette for Men
      - Stress Management
      - Body Composition
      - Sports Nutrition
      - Spanish
      - Basic Chess
      - Healthy Aging
      - Marketing
      - Stockmarket
      - Starting a Business
      - Intro to Business

10.     Pro Se motions, such as Defendant's Motion and Request herein, are to be construed liberally. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

WHEREFORE, for the foregoing reasons, Defendant respectfully requests that this Court grant his Motion and Request to Modify Sentence; enter its Order resentencing Defendant within the appropriate reduced guideline range; and for such other and further relief as the Court deems just and proper in the premises.

*/s/ Jesse Galindo*
JESSE GALINDO, Pro Se Defendant
Reg. No. 61701-180
Federal Prison Camp
Maxwell Air Force Base
1001 Willow Street
Montgomery, Alabama 36112

## CERTIFICATE OF SERVICE

    I, the undersigned Defendant, hereby certify that a true and accurate copy of the foregoing was sent via United States mail, postage prepaid, to the Clerk of Court at the following address:

United States Courthouse
Clerk of Court, Judge Moore
400 North Miami Avenue, Room 8N09
Miami, Florida 33128-7716

on this the 28 day of FEBRUARY, 2024, for the purpose of service of process.

_____
JESSE GALINDO, Defendant Pro Se


