UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-CR-20089-MOORE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JESSE GALINDO

    Defendant.
_____/

**MOTION FOR SENTENCE REDUCTION
PURSUANT TO 18 U.S.C. § 3582(c)(2) AND AMENDMENT 821(PART B)**

Defendant, Mr. Galindo, respectfully moves the Court for a sentence reduction from 57 months to 46 months, pursuant to 18 U.S.C. § 3582(c)(2) and Part B of Amendment 821 to the United States Sentencing Guidelines. In support of his motion, Mr. Galindo states as follows:

1. On September 8, 2022, the Court sentenced Mr. Galindo to 57 months' incarceration, based on his conviction for possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1).

2. Mr. Galindo's calculated guidelines' range, at the time of his original sentencing hearing, was 57 to 71 months' imprisonment, based on a total offense level of 25, in criminal history category I. Thus, he was originally sentenced at the low end of his guidelines' range.

1

3. In Part B of Amendment 821 to the United States Sentencing Guidelines, the United States Sentencing Commission lowered the sentencing range for "Certain Zero-Point Offenders." *See* U.S.S.G. App. C, amend, 821; U.S.S.G. § 4C1.1.

4. Parts A and B of Amendment 821 have been made retroactive by the Sentencing Commission. *See* U.S.S.G. § 1B1.10(d).

5. Mr. Galindo is eligible for a two-level reduction to his offense level under Part B of Amendment 821 because he has zero criminal history points and meets all of the criteria under § 4C1.1(a). Such a reduction is also consistent with the policy statement in § 1B1.10.

6. Applying a two-level reduction to Mr. Galindo's sentence is consistent with the 18 U.S.C. § 3553(a) factors. Specifically, Mr. Galindo is a 48-year old man who, most of his life, fully abided by the law. He had only one previous conviction before this case—almost twenty years ago—which was immigration-related. PSI (DE 25), ¶ 25. In his adulthood, Mr. Galindo made an honest living through employment at an appliance shop and as a FEMA and NASA construction contractor. *Id.*, ¶ 46-48. This offense in this case marked a true aberrancy in his life, and Mr. Galindo was and remains sincerely remorseful for his conduct. He takes full responsibility for his actions.

A sentence at the low end of his new guideline range would continue to reflect the seriousness of his offense, and it would provide adequate deterrence. Yet it also reflects that the Sentencing Commission has determined that individuals like Mr. Galindo represent a lower risk of recidivism and, accordingly, deserve lower

sentences.[1] Indeed, as he represented in his *pro se* motion (DE 29), Mr. Galindo is housed in a "minimum" security camp in the Bureau of Prisons, and he has been actively engaged in rehabilitative programming during his time in custody. Mr. Galindo is committed to showing the Court that he can and will support himself gainfully and lawfully once released, and that he will never return to similar conduct as what occurred in this case.

7. After applying the two-level reduction to Mr. Galindo's sentence, his amended guideline range is now 46 to 57 months. He respectfully requests a sentence of 46 months.

8. The government opposes this motion.

[SECTION LEFT BLANK INTENTIONALLY]

---

1. *See* Amendment 821, Reason for Amendment (explaining that "This amendment is the result of several Commission studies regarding the nature of the criminal history of federal offenders, including analyses of the number and types of prior convictions included as criminal history and the ability of the criminal history rules to predict an offender's likelihood of rearrest…. These targeted amendments balance the Commission's mission of implementing data-driven sentencing policies with its duty to craft penalties that reflect the statutory purposes of sentencing.") (*available at* https://www.ussc.gov/guidelines/amendment/821).

WHEREFORE, Mr. Galindo respectfully moves this Court to reduce his sentence to 46 months' imprisonment.

                                        Respectfully Submitted,

                                        HECTOR A. DOPICO
                                        INTERIM FEDERAL PUBLIC DEFENDER

By:   */s/Kate Mollison*
       Kate Mollison
       Assistant Federal Public Defender
       Florida Special A No. A5502482
       150 W. Flagler Street, Suite 1700
       Miami, Florida 33130
       Tel: 305-530-7000
       Email: kate_mollison@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on **March 12, 2024**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                        /s/*Kate Mollison*